Case number 10-2166. Waldemar Argueta v. Peter Krivickas. Please step up and identify yourselves. I'm Peter Zneimer and I represent Waldemar Argueta appellant. Good morning. Adam Hanna on behalf of appellee Peter Krivickas deceased by Special Representative Rosa Gomez. Okay, we're pretty liberal, so you don't worry so much about the time frame, but just don't go on forever. And if we ask a lot of questions, we'll give you some additional time. So, proceed. This is a case where there's a loss of motion for summary judgment in the lower courts. It has to do with the Dead Man's Act. Why don't you have a seat until it's your turn, counsel, and while we're giving you all the time you need, we've read the briefs and the cases cited in the briefs, so you don't need to tell us what the case is about. Why don't you just get into the nuts and bolts of your argument, if you would, please. The lower court in this case had an overly broad application of the Dead Man's Act and had no burden of production whatsoever by the deceased in this case of how the Dead Man's Act applies to this case. The lower court just said it had a blanket application, oh, the Dead Man's Act is here. You submitted an affidavit in response to the motion for summary judgment, correct? Correct. And that was your answer to why they thought they were entitled to summary judgment. You said, no, they're not, and here are the reasons why. This is what my client can testify to. Correct. And so the judge was reacting to the admissibility of the items that were included in your affidavit, correct? Not necessarily. She seemed to think that since the Dead Man's Act applied, these are things that the decedent could refute in the case, and since the decedent could refute these matters in the case, then all is as par, but that is not the standard. Well, tell me what you think the standard is. It has to be in the presence. It's something that could be observable by the decedent, and the decedent has a burden, according to the case law, and by the plain language of the statute, to say What case are you relying on to say that Brown doesn't agree with you? And RERAC, Justice Tully's view of what would be an over-broad application of the Dead Man's Act, is a distinctly minority view, wouldn't you say? No, because there's a case of Balma v. Henry, 404LF3233, that agrees with RERAC, it quotes RERAC extensively, and also saying that it's the burden on the decedent to prove what's observable, and Balma says everything that comes in except the collision itself, unless the decedent has put forth some evidence saying what's observable. Isn't the fact that we're supposed to be looking at the event, your point in filing your lawsuit is that you are trying to prove that the occurrence was occasioned by the negligence of the other driver. Correct. And in your affidavit, and let's just look at paragraphs 3, 4, and 5 of your affidavit, paragraph 5, I observed that the traffic control light facing eastbound traffic on 55th Street was green. Isn't that something within the ability of the deceased to refute? That's not the standard, not refute, it has to be in the presence. And the decedent in the case has the burden of proof. So the dead person has to prove that they could have seen it? Is that what your interpretation of the Dead Man's Act is? Exactly, and that's also the case law, too. In RERAC... I keep asking you, what about Brown? Well, Brown says it's so. Brown says what's not observable up until the traffic sign comes in, may be entered. But here, how could the other party not see... There has to be some evidence. But I don't think it's the decedent's duty. I think it's your duty. My duty to present evidence? I have a duty to say that, yeah, what is my duty? He has to... It's almost as though you have to show that the decedent wouldn't know this. It's up to the decedent to show that the Dead Man's Act applies in this case. They put forth no evidence to say that. Well, the Dead Man's Act clearly applies in the case because the opposite party is deceased. Right. The question is which evidence that you are relying on in your affidavit in response to the motion for summary judgment could be admissible even under the applicability of the Dead Man's Act. Right. The part that when the plaintiff states when he's a car link from the light, it's a green light, he testifies to. One, the decedent in the case can't even refute that. How could the decedent in the case refute what color my... How do you know that? I don't have any burden to prove that he couldn't. He has to prove... I think you've transferred the burden to the wrong person. And then you have the issues about the trees and the bushes blocking the ability of the decedent to see certain things from the decedent's point of view, which clearly could be refuted, number one. And number two, didn't this occurrence happen on March 9th of a year? Yes. So isn't there a question about what the trees... what kind of vision people would have through the trees on March 9th of that year? Isn't that something which you are saying that the decedent could not have testified to? Paragraphs 3, 4, and 5, with all due respect, are rife with observations and statements which even if accepted as true, would be able to be refuted by the decedent. But the standard is, is not only refute, it also has to be in the presence of the decedent. The plain language... This is where we're trying to say to you, the deceased can't tell you that. So therefore, you have to show that he couldn't. And if you can't show... That's transferring the burden. The burden is on the decedent to show what was observable as he came. Counsel, I don't agree with you. I think this goes to error to the benefit or to the side of the decedent. And you have to overcome that. But RERAC states its defendant who has absent evidence establishing the decedent could have observed aforementioned. It was an error for the trial court to exclude such testimony. But wasn't that... It was not... We're talking about somebody with their foot on a gas pedal, correct? No. And we're talking about leaving a gas terminal, which are things that we can pretty much assume that the decedent wouldn't have seen. But when you're talking about the accident itself, within the realm of that, you have to establish that the decedent couldn't. Your client's car hit... He did establish that as his affidavit. Excuse me. Your client's automobile and the automobile of the decedent came into contact. Correct. So we know that they are in the same realm at the point of collision. Right. And we know that they're in the same presence at some point before the collision. Don't know exactly how long it is. Right. We know that each street has access to the streetlight from each angle and that they could see, if they happened to be looking at it at the time, the color of the streetlight facing them. We know that if the color is red for one, it's green for the other. Right? Right? Right. So, I mean, there are a number of things that are included in your affidavit that were clearly in the presence of the decedent. According to the cases, what the event is is the collision. So nothing before the collision matters. Unless they put forward evidence. Unless they put forward evidence of what the decedent would have observed, according to the case of Rerag and Balma, unless they put forward evidence of what the decedent could have observed, which they could have done. They could have said, they could have brought forth witnesses saying yes. What if there are no other witnesses? You're proving your case. Isn't your case really premised on the statement that the other party, the decedent, ran a red light? Correct. Okay. So, let's just focus on that for a moment. If your client in his affidavit says that the light was green for him, Correct. how is it not within the presence of the decedent to be able to refute, if he were alive, that his light was green and your light was red? The decedent could have brought forth testimony saying that when this car was in this position, they could have brought forth any witness. They could have brought forth an expert. Yes, we went to the scene, and at this point, the plaintiff's car was observable from this point. No, no. Either intentionally or unintentionally, you didn't answer my question. Okay. If your premise is that your client's light was green, and presumably then the other man's light, the decedent's light, was red, how is that not something occurring in the presence of the decedent? Well, it's presence. Well, the definition of the state of being in the presence. Let's forget definitions. Let's be practical. If I hit you, run into you, we're both there, right? Right. So the collision would be, but the event is presence. How many seconds before would I see you if I'm going to run into you right now? So be practical. You're not being realistic. I'm going by the cases Rerag and Lally. Well, I'm afraid you didn't read them real well. And Balmer v. Henry. Both said that the event is the collision itself, the event. It's not the whole thing. You're very narrow in scope. You're not being realistic. Right. No, but I'm saying this is the realistic part. These cases say that the event is the collision except if the decedent brings forth evidence of what is observable to the decedent. So if they bring forth no evidence whatsoever. Counsel, if the event is the collision, then no one can be proved to be at fault because your only focus is on the impact between the two cars. What causes someone to be at fault is the actions that occur beforehand that occasion the collision. Correct? Correct. So if you're trying to convince us that we're supposed to be able to analyze who is at fault in an accident just by looking at impact, isn't that an absurd position to take? No, not if you have a rear ender. Because it's not possible that somebody goes into reverse. Well, someone can go into reverse, but I'm just saying if your standard is you're saying that, oh, it's everything that the defendant can refuse. If you take RERAC versus Lally, the defendant can refuse. What if we don't want to take RERAC? At least you're reading of it. No, no. I'm just saying RERAC versus Lally, they wanted brake lights working, weather conditions, stopped for two minutes. That's all these things, everything in RERAC, the defendant, the decedent, could have refuted. Okay. Why don't you move on to something else? Okay. And also we're saying that since the decedent in this case attached affirmative defenses, and since the decedent in the case attached affirmative defenses in the case, he waives the application of the Dead Man's Act. The best you'd be able to cite on that, I think, is a case that basically may suggest that asking a question could open the door to this type of waiver. But here you have a situation where all they've done is they've filed an affirmative defense. They haven't introduced any evidence at all. They haven't sought to produce any evidence at all in support of that. And instead of doing anything else in reliance on that affirmative defense, they simply say in a motion for summary judgment that there is no evidence that you, the plaintiff, have to be able to prove negligence. Is that enough? Well, in Balma v. Henry, the decedent in that case attached a discovery deposition to his motion. Deposition is testimony, is it not? Well, it's testimony, but discovery deposition is not admissible at trial. No, but it is an affirmative statement by a witness as to what occurred, a statement under oath. This is what occurred. It's an assertion of fact, is it not? Correct. Well, I submit that an affirmative defense is also an affirmative statement. And in their affirmative defense, they claimed in their affirmative defense, which they signed off to under the rules of pleading, 137s and everything else, that the plaintiff in this case was speeding, failed to obey a traffic control device, and failed to yield the right of way. Affirmative defense under 137. And these were attached after the decedent had died. So they made that part of their motion for summary judgment. That creates, in the context of a motion for summary judgment, you consider the pleadings, the depositions, the omissions on file. And this is a pleading. And they affirmatively say these, and they've created an issue of material fact because we're allowed to deny these allegations. But would they be able to use those assertions in any evidentiary hearing? No, but under the context of a motion for summary judgment, which describes. . . Would they be able to contradict your client's affidavit with the affirmative defense without more? No, but it creates an issue of material fact in the context of a motion for summary judgment. It's an issue of first impression. That's where there's no case law on it. But if you read motion for summary judgment, you consider pleadings, depositions, and affidavits. But does an affidavit to be able to be used have to comply with the constrictions of 191? Yes. And does an answer including an affirmative defense so satisfy 191? No, it doesn't. But in the context of a motion for summary judgment, you can use a discovery deposition too. And that's not trial evidence. But it's sworn testimony, is it not? Yes, it is. But affirmative defense is sworn under Rule 137 of pleadings. I mean, it's actual. . . A false pleading is actual. . . There's actual law. . . It's against the law. I mean, it's against the court rules. You'd be fined for that. Anything further? No. Thank you. Counsel? Good morning again. My name is Adam Hanna, attorney for Appellee Peter Kravickas, deceased, by Special Representative Rosa Gomez. Mr. Hanna, why don't we start with the affirmative defenses? Sure. Now, after your client died, your affirmative defenses made factual assertions, correct? That's correct. Why? How are you going to prove that affirmatively? The only way to. . . Well, at the time the affirmative defenses were filed, it wasn't clear whether there were any occurrence witnesses. There was a possibility of proving it through the plaintiff's own testimony as well. Well, did you have a witness who said that? We did not have an occurrence witness who said that. So on what basis did you raise the affirmative defense? There were various affirmative defenses. I believe that they were based upon conversations with the deceased's son, who had secondhand knowledge of the accident. Was there ever an examination of how you could possibly prove what you were asserting as affirmative facts? Well, no. At that time we didn't want to preclude that argument if other witnesses came to light through discovery. So it was an aspirational pleading rather than a factual pleading? It was a factual pleading based upon secondhand knowledge of the deceased's son. But don't you recognize the responsibility of being able to first identify how you could competently prove something before asserting it as an affirmative fact? Yes. There are times when it's just the prudent thing to say that we made a mistake. Might this be one of those times? I don't think so. I think that the affirmative defenses were based on an understanding of how the accident occurred. At the time they were filed, it wasn't certain or it wasn't clear how those allegations could be proved at trial. I agree. But I don't know that that means that filing them with an understanding that they were true was a mistake. You had no witness available who could so testify? At that time, that's correct. All right. And why would that, with all the belief that you had the ability to then, as you just said, prove these things at trial, otherwise you wouldn't have stated them as affirmative facts, why does that not constitute a forfeiture of the Dead Man's Act? There's no case law that suggests that to be true. But aren't you asking to have it both ways? Aren't you asking to say we're entitled to rely on this affirmative defense, which means we say that we have a reasonable expectation of being able to provide this evidence at trial? You're saying that to the other side, you're saying that to the court, and at the same time saying that those assertions of fact which you made in your affirmative defense, dealing with the self-same issues having to do with matters occurring in the presence of your deceased client, somehow doesn't waive the act? No, I don't believe that waives the act. I think they're two separate issues. The affirmative defenses were filed based upon an understanding of how the accident occurred. The Dead Man's Act is a separate issue. Well, what are the circumstances in which waiver, what's the basis of waiver? Isn't it that the people who would otherwise be protected say, no, we want to discuss these things that happened in the presence of our client? And isn't the assertion that you are going to prove, for example, who was speeding at the time something that would have happened in the presence of your deceased? Yes. All the cases the plaintiff has cited and all the cases that I'm aware of, however, only show a waiver of the Dead Man's Act when the deceased or the defendant, decedent defendant, offers evidence in support of their case. In the Grok case that … Well, isn't it clear that this hasn't been addressed on all fours by any court in this jurisdiction before? I think that's probably true. And so aren't we really to the point where we're trying to interpret the act? And isn't the interpretation that really is consistent throughout that you can't have it both ways? You can't both present testimony or evidence of things that happened in the presence of the deceased and then claim that the other side can't? Yes. I would say that by fouling the affirmative defense, we haven't presented evidence. We've presented a possible defense based upon our understanding at the time those were filed, which is the initial handling of the suit. So if you were to take the affidavit submitted by the plaintiff, as admissible under a theory of forfeiture under the Dead Man's Act, would that defeat your motion for summary judgment? No, absolutely not. Why not? Plaintiff's affidavit. Plaintiff attorney argues that based upon his client's affidavit, that the deceased presumably could not see his client's vehicle because of the trees and because of the median between the two vehicles. He then argues because the decedent presumably could not see the plaintiff's vehicle, that he's not in the presence and therefore should be barred pursuant to the Dead Man's Act from testifying to the events leading up to the accident. The issue in what plaintiff should be barred from testifying to is the color of the light and events occurring at the intersection, not the actions of him driving his vehicle. Quite clearly, the decedent could see the color of the light and could see the intersection that he was approaching and entering immediately prior to the occurrence. Just because he couldn't see the plaintiff's car has nothing to do with his ability to observe and refute testimony offered by a plaintiff regarding the color of the light and the intersection. Thank you very much. Anything further? Big notebook there. I figured too much rather than not enough. Appellee will stand on his brief regarding the remainder of the argument. Thank you. Thank you. Do you have anything further, counsel? All right. Well, you notice we're missing Justice Gordon. He'll review these by recording at the moment he's rehabbing, so it may take a few weeks before he gets a chance to look at them. Thank you. Well argued by both sides. Thank you very much. Thank you.